UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IBIZA BUSINESS LTD., *et al.*,<br>　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br>*et al.*,<br>　　Defendants. | Misc. No. 10-296 (RCL)<br><br>**FILED**<br>JUL - 8 2010<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Amended Motion [5] for Entry of Default. Upon consideration of the motion, the record, and applicable law, plaintiffs' motion is DENIED due to insufficient service of process on defendants, for the reasons set forth below.

Plaintiffs filed this miscellaneous action on May 3, 2010. On May 21, 2010, plaintiffs delivered to the Brazilian Embassy a copy of the summons, petition, certificate of disclosure required by LCvR 7.1, and proposed order. Plaintiffs delivered the same materials to the U.S. Department of Justice, Office of International Affairs, on May 20, 2010.

In the instant motion, plaintiffs move for a default judgment against the Federative Republic of Brazil ("Brazil") pursuant to Rule 55(a). The Rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The Court will only enter a default judgment against a defendant when there is proof that plaintiffs properly served the defendant.

1

The Federal Rules of Civil Procedure provide: "A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." FED. R. CIV. P. 4(j)(1). § 1608 provides:

> (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608. The Court is not aware of any special arrangement for service that would permit service under § 1608(a)(1), nor any applicable international convention that would permit service under § 1608(a)(2). Plaintiffs must therefore follow the requirements of § 1608(a)(3) when serving defendant Brazil. Plaintiffs must strictly adhere to the requirements of § 1608(a), as this subsection "sets forth the exclusive procedures for service on a foreign state." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994) (citations omitted). It is not enough for plaintiffs to receive "actual notice" of the suit. *Id.*; *see also Ellenbogen v. Canadian Embassy*, No. 09-CV-1553, 2005 WL 3211428, at *2 (D.D.C. Nov. 9, 2005) (Bates, J.).

Plaintiffs' service of process on Brazil was insufficient. Plaintiffs cannot comply with § 1608(a)(3) merely by serving the Brazilian embassy, as they did here. *Ellenbogen* at *2. Rather, plaintiffs must serve the head of the ministry of foreign affairs of Brazil with the summons, complaint, and notice of suit, accompanied by a translation of each into Portuguese, and all addressed and dispatched by the clerk of court. § 1608(a)(3). Plaintiffs did not follow any of these requirements. Once plaintiffs have served Brazil, Brazil will have 60 days to answer the petition. § 1608(d).

Because defendant Brazil has no proper notice of the suit, the Court will not enter a default judgment against Brazil. Moreover, plaintiffs did not "establish [their] claim or right to relief by evidence satisfactory to the court" under 28 U.S.C. § 1608(e), so the Court cannot issue a judgment on the default.

Furthermore, the Court notes that plaintiffs have not properly served defendant United States under the requirements of Federal Rule of Civil Procedure 4(i)(1). Plaintiffs have 120 days from the filing of the complaint to properly serve defendant United States under Rule 4(m).

Accordingly, it is hereby

ORDERED that Plaintiffs' Amended Motion [5] for Entry of Default is DENIED.

**SO ORDERED** this 8th day of July 2010.

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court

3